UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GERALDINE RUPERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAGNA MODULAR SYSTEMS, INC., a Delaware corporation,<br><br>Defendant. | Case No: 23-cv-12289<br><br>Hon. Linda V. Parker |

## ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court on the Plaintiff's Unopposed Motion for Approval of FLSA Settlement ("Approval Motion"). The Approval Motion asks the Court to approve, as fair and reasonable, the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached to the Unopposed Motion as Exhibit A. (*See also* ECF No. 31-1.)

After hearing argument on the motion on April 9, 2025, and having reviewed the Approval Motion, the Agreement, the Declarations of Kevin J. Stoops and Jonathan Melmed, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order certifying the FLSA Collective

1

and approving the Settlement, including the proposed Service Award, the proposed attorneys' fees and expense reimbursements to Class Counsel, and the settlement administrator fee.

1. The captioned action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, on behalf of non-exempt employees of Magna Modular Systems, Inc. ("Defendant").

2. On September 7, 2023, Plaintiff Geraldine Rupert filed this action as a collective action under the FLSA. Plaintiff initiated this action on behalf of herself and all other persons similarly situated, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [ECF No. 1]. In general, Plaintiff alleged that Defendant violated the FLSA by failing to pay Plaintiff and the putative collective members the proper overtime rate when calculating their regular rate of pay in connection with various forms of non-discretionary compensation earned in weeks during which they worked overtime hours.

3. After appearance of Defendant's Counsel and throughout the balance of 2024, the Parties held multiple meet and confer conferences during which they discussed, among other things: the geographic scope of Plaintiff's claims; the viability of Plaintiff's claims including application of those claims to various forms of incentive compensation paid by Defendant to employees at its Warren, Michigan facility (where Plaintiff worked); the voluntary exchange of pay and timekeeping

data to analyze the potential damages; and the possibility of exploring resolution via direct negotiations or with the assistance of a mediator.

4. Ultimately, the Parties decided to submit the case to mediation with nationally respected wage and hour mediator Michael Russell. Prior to the mediation Defendant provided Plaintiff with time and pay data. Plaintiff retained an economic expert to analyze the data and to prepare a comprehensive damage analysis.

5. Prior to the scheduled mediation the Parties engaged in direct negotiations. The Parties were able to reach resolution directly, and without mediation, on December 2, 2024. Over the next few weeks, the Parties negotiated and finalized the long-form settlement agreement, which is now before the Court for approval.

6. The Settlement will cover the Named Plaintiff and all of the Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments. There are 594 Eligible Employees.

7. The Agreement provides that, in consideration of the $109,500 Gross Settlement Amount, the claims of the Named Plaintiff and all of the Eligible Employees who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

8. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).

The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Named Plaintiff and all of the Eligible Employees. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

9. The Court approves the settlement documents attached to the Approval Motion as Exhibit A, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Named Plaintiff and all Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments.

10. The Court approves the Service Award of $2,500 to Named Plaintiff Geraldine Rupert in recognition of her service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the payment of attorneys' fees and expenses to Sommers Schwartz, P.C. and Melmed Law Group, P.C. in the amount of $36,500.

12. The Court approves reimbursement to Sommers Schwartz, P.C. and Melmed Law Group, P.C. of their litigation expenses incurred in this matter in an amount not to exceed $3,500.

13. The Court appoints Atticus Administration, LLC, to serve as settlement administrator and grants it fees in an amount not to exceed $7,000.

14. The Court retains jurisdiction over the action to enforce the Settlement, including notice administration and the settlement distribution process, and to later dismiss the case after the settlement payment distribution process has completed.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 14, 2025